UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JEROME WELLS, | ) | CASE NO. 1:10 CV 2356 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ERNIE MOORE, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Jerome Wells filed this action under 42 U.S.C. § 1983 against Ohio Department of Rehabilitation and Correction ("ODRC") Director Ernie Moore, Hocking Correctional Institution ("HCI") Warden Banks, Grafton Correctional Institution ("GCI") Warden Shewalter, HCI Dentist Dr. Savage, HCI Health Care Administrator T. Ayers, HCI Institutional Inspector Mrs. Bartlett, GCI Nurse Dave Hannah, GCI Health Care Administrator K. Hughes, GCI Institutional Inspector Darlene Krandle, GCI Pharmacist John Doe, and ODRC Chief Inspector Ms. Parks. In the Complaint, Mr. Wells alleges the Defendants discriminated against him and denied him medical and dental care. He seeks a total of $ 5,500,000.00 in damages.

**Background**

Mr. Wells contends he was denied proper medical and dental care while incarcerated in the Hocking Correctional Facility ("HCF") from November 2008 to January 2009. He claims

he suffered from gum disease.  He attempted to get the prison's dentist to clean his gums, but the dentist instead recommended he have his teeth extracted.  Mr. Wells requested to be sent to the Corrections Medical Center for the gum cleaning.  This request was refused.  He filed grievances to protest the treatment he was offered; however, he did not receive the result he was seeking.  He refused the treatment.

Mr. Wells alleges he was also denied proper medical treatment when he was transferred to the Grafton Correctional Institution ("GCI") in January 2009.  He indicates he was involved in an altercation with a staff member and was placed in segregation from February 2010 to May 3, 2010.  He claims that while he was in this unit, he was not given bars of soap or hygiene products.  He was told the Warden required all segregation inmates to purchase hygiene items through the commissary.  He claimed he could not do that because he was indigent.

Mr. Wells alleges he contracted an eye infection as a result of being denied hygiene products.  On March 10, 2010, GCI physicians and nurses examined his eye.  He was initially diagnosed with conjunctivitis.  He was referred to an "eye doctor" and given some drops to relieve the pain.  (Compl. at 5.)  He was still in pain a few weeks later and seen at the GCI medical department on March 23, 2010.  He was prescribed Prilosec and Ibuprofen.  Mr. Wells claims the eye drops which were given to him expired in March.  He contends this means the medication expired at the beginning of March.  The Health Care Administrator told him it expired at the end of March.  He filed grievances on this issue, but did not receive a favorable response.

Mr. Wells was referred to the Corrections Medical Center for treatment after his March 23, 2010 appointment with the GCI physician.  He was diagnosed with "uveitis," which he describes as an inflamation of the middle layer of the eye.  He was prescribed Zyert eye drops on

-2-

April 6, 2010.  He claims he did not receive either the Prilosec or the Zyert by April 18, 2010.  He filed a grievance and was told by the institutional inspector that Zyert was a non-formulary drug which was not available at the prison's pharmacy.  He was told he would have to wait until approval for the medication was granted by the Ohio Department of Rehabilitation and Correction ("ODRC").  He received the medications on April 25, 2010.  He filed grievances concerning the length of time it took to get the medications.  He did not receive a favorable response.  He claims the Defendants were deliberately indifferent to his serious medical needs.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to §1915(e).

### I. Hocking Correctional Facility Defendants

As an initial matter this Court is not the proper venue to bring claims against the HCF Defendants.  A civil action wherein jurisdiction is not founded solely on diversity of

---

[1]     An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). HCF is located in the Southern District of Ohio. Mr. Wells provides that Warden Banks, Dr. Savage, T. Ayers and Mrs. Bartlett reside in the Southern District and all of the events giving rise to the claims against these Defendants took place in the Southern District. The United States District Court for the Northern District of Ohio is not the proper venue to consider claims against HCF Defendants.

Title 28 U.S.C. § 1406(a) provides that an improperly venued action shall be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. For the reasons stated below, the Court finds that it would not be in the interest of justice to transfer this matter, and this action is therefore dismissed.

Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment.

-4-

*Id.* at 9.  Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind.  *Id.*  Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Liability cannot be predicated solely on negligence.  *Id.*  A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Mr. Wells fails to establish the objective and subjective components of his claim.  As an initial matter, he claims he has gum disease and Dr. Savage wanted to pull his teeth rather than send him to the Corrections Medical Center for deep gum cleaning.  He refused the treatment suggested by Dr. Savage and still has his teeth.  In order to establish a claim for inadequate medical care under the Eighth Amendment, Mr. Wells must demonstrate that the Defendants acted with deliberate indifference to his serious medical needs.  *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm.  *Id.* at 837.  Mere negligence will not suffice.  *Id.* at 835-36.  Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim.  Moreover, where a prisoner has received some medical attention and the dispute is over  the adequacy of the treatment, Federal Courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5. (6th Cir. 1976).  At best, Mr. Wells describes a difference of opinion over the manner in which his gum disease should be treated.  These allegations do not rise to the level of a constitutional violation.

## II. <u>Grafton Correctional Institution Defendants</u>

This Court is the proper venue to bring claims against the Defendants employed by the ODRC and GCI.  The claims against Mr. Moore, Mr. Hannah, Mr. Hughes, Ms. Krandle, the Pharmacist, and Ms. Parks are dismissed for failure to state a claim upon which relief may be granted.

### A. <u>Respondeat Superior</u>

As an initial matter, Mr. Wells asserts that he brings claims against Mr. Moore, the Director of the ODRC, because he supervises each facility in Ohio.  "Supervisory liability under §1983 cannot attach where the allegation of liability is based upon a mere failure to act." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.1999) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (1989)). Rather, the supervisor must have actively engaged in unconstitutional behavior. *Id.* Liability therefore must lie upon more than a mere right to control employees and cannot rely on simple negligence.  *Id.* Although Mr. Moore is charged with running the prison system, Mr. Wells must prove he did more than play a passive role in the alleged violations or show mere tacit approval of the actions alleged in the Complaint. *Id*. Mr. Wells must show that Mr. Moore encouraged or condoned the actions of his employees.  *Id.*; *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir.1995).  The Complaint contains no allegations reasonably suggesting Mr. Moore was even aware of Mr. Wells's medical and dental conditions.  Mr. Moore therefore cannot be held liable for the actions of his employees.

### B. <u>Grievance Officers</u>

Furthermore, the claims against Mr. Hannah, Mr. Hughes, Ms. Krandle, and Ms. Parks are based on their responses to his grievances.  Responding to a grievance or otherwise

participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983. *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999).  The denial of the grievance is not the same as the denial of a request to receive medical or dental care.  *Id.*  There are no allegations against these Defendants which suggest they violated Mr. Wells's Eighth Amendment rights.

## C. <u>Pharmacist</u>

Finally, Mr. Wells fails to allege any facts to suggest how the GCI Pharmacist violated his constitutional rights.  He claims one of his medications was "non-formulary" and therefore not stocked at the prison.  He was informed he would have to wait until the ODRC approved the prescription and the medication arrived.  He then concludes that the Pharmacist is liable to him.  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). Rule 8 does not require the Plaintiff to provide detailed factual allegations, but it does demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard  *Id.*  There are no allegations in the Complaint that indicate the GCI pharmacist committed any act that was deliberately indifferent to Mr. Well's serious medical needs.

## Conclusion

Accordingly, the claims against ODRC Director Ernie Moore, HCI Warden Banks, GCI  Nurse Dave Hannah,HCI Dentist Dr. Savage, HCI Health Care Administrator T. Ayers, HCI Institutional Inspector Mrs. Bartlett, GCI Health Care Administrator K. Hughes, GCI Institutional Inspector Darlene Krandle, GCI Pharmacist John Doe, and ODRC Chief Inspector Ms. Parks are

dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]  This action shall proceed solely on Plaintiff's Eighth Amendment claim against GCI Warden Shewalter for his alleged policy on providing hygiene items for segregation inmates.  The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the Defendants

        IT IS SO ORDERED.


                              S/Christopher A. Boyko
                             CHRISTOPHER A. BOYKO
                             UNITED STATES DISTRICT JUDGE


February 16, 2011

---

[2]    28 U.S.C. § 1915(a)(3) provides:

        An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.