IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEROME WELLS, | ) | CASE NO. 1:10 CV 2356 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| ERNIE L. MOORE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] in this 42 U.S.C. § 1983 matter asserting that plaintiff Jerome Wells suffered violations of his constitutional rights while incarcerated, is a motion by defendant Frank Shewalter, former warden of the Grafton Correctional Institution, for summary judgment on the only remaining claim in this case.[2] Wells has responded in opposition to Shewalter's motion,[3] and Shewalter has filed a reply.[4] Because Wells has not exhausted Ohio's administrative remedies concerning this claim as required by the Prison Litigation Reform Act (PLRA),[5] I recommend finding that his civil action against Shewalter is barred and that Shewalter's motion to dismiss should be granted.

---

[1] ECF # 24.

[2] ECF # 39.

[3] ECF # 48.

[4] ECF # 49.

[5] 42 U.S.C. § 1997e(a).

**Facts**

Wells filed this case in 2010 alleging that the Director of the Ohio Department of Rehabilitation and Corrections (ODRC), Warden Shewalter, and various staff members at two prison facilities were deliberately indifferent to his medical needs and did not appropriately respond to his grievances.[6] This Court ordered all other defendants and causes of action dismissed and that the case proceed only against Warden Shewalter for alleged violation of Wells's Eighth Amendment rights.[7] Specifically, Wells contends that, as an indigent, he could not afford to purchase his own soap while in prison segregation, as was allegedly required by Shewalter, and so as a result he was injured by developing a serious infection in his right eye.[8]

Shewalter maintains that under the relevant section of the PLRA, a prisoner must exhaust all administrative remedies before filing suit under the Act in federal court.[9] Failure to exhaust such remedies requires, he contends, that the suit be dismissed.[10] Shewalter argues that while Wells filed both informal complaints and formal grievances concerning the medication he was given for the eye infection, as well as the amount of time it took for him to receive treatment, he "did not raise the issue of access to hygiene products or soap in any

---

[6] ECF # 1.

[7] *Id.*

[8] *See*, ECF # 1 at 5-7.

[9] ECF # 39 at 4.

[10] *Id.*

of those grievance documents."[11] Accordingly, Shewalter states that since Wells, "did not raise the issue of his alleged denial of access to soap or hygiene products through the ODRC grievance process, the PLRA bars his claim."[12]

For his part, Wells asserts first that there was no remedy available to him because his original problem with a lack of soap had become moot by already developing an eye infection from the lack of soap.[13] Any "remedy" of obtaining soap through the grievance process, he asserts, was essentially unavailable once the injury from a lack of soap had already occurred.[14]

Alternatively, Wells contends that the grievances he did file concerning his medical treatment must be viewed under the "relaxed standard" accorded to pleadings filed by *pro se* plaintiffs.[15] Viewed in that light, Wells argues that because there was a shared factual basis between the grievances he did submit concerning the medical care for his eye and the cause of the eye infection in the first place, *i.e.*, the denial of soap, those grievances that were filed should be held to have provided "fair notice" of the soap claim.[16]

---

[11] *Id.* at 6.

[12] *Id.*

[13] ECF # 48 at 3.

[14] *Id.*

[15] *Id.*

[16] *Id.* at 3-4.

In reply, Shewalter maintains first that Wells's position as to the purported "lack" of any available administrative remedy on the grounds of mootness is "explicitly wrong."[17] Based on multiple holdings of the Supreme Court and on the teaching of the Sixth Circuit, Shewalter contends that the PLRA requires exhaustion of the administrative process even where the relief sought cannot be granted by that process.[18] Rather, Shewalter contends, under the PLRA, relief is considered "available" if the state has a prison grievance system and the prisoner has the capability of filing a grievance.[19] According to Shewalter, Wells's record of filing other grievances here establishes that administrative remedies were available and that they were not used as to the alleged policy of requiring inmates in segregation to buy soap.[20]

Similarly, Shewalter contends that the grievances that were filed in the Ohio administrative system did not give any notice of a claim against Shewalter himself or his alleged policy on soap.[21] Shewalter notes that under the ODRC grievance procedure, "the only way an inmate can exhaust his administrative remedies against a warden is to file a direct grievance" with the ODRC Chief Inspector's office against the warden.[22] Because the

---

[17] ECF # 49 at 4.

[18] *Id.* (citations omitted).

[19] *Id.* at 5 (citation omitted).

[20] *Id.*

[21] *Id.* at 6-7.

[22] *Id.* at 8 (citation omitted).

record plainly shows that no such direct complaint against Shewalter was ever filed by Wells, Shewalter now asserts that Wells cannot prove exhaustion of his administrative remedies for purposes of avoiding dismissal of this action.[23]

## Analysis

**A.     Standard of review - summary judgment**

Summary judgment is appropriate where the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[24]  The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.[25]

A fact is "material" only if its resolution will affect the outcome of the lawsuit.[26] Determination of whether a factual issue is "genuine" requires consideration of the applicable

---

[23] *Id.*

[24] Fed. R. Civ. P. 56(c).

[25] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)).

[26] *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

evidentiary standards.[27] The court will view the summary judgment motion "in the light most favorable to the party opposing the motion."[28]

Summary judgment may be granted if a party who bears the burden of proof at trial establishes each essential element of his case.[29] Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[30] Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.[31]

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover.[32] The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury."[33] "In other words, the movant can challenge the opposing party to 'put up or shut up' on a critical issue."[34]

---

[27] *Id.* at 252.

[28] *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

[29] *McDonald v. Petree*, 409 F.3d 724, 727 (6th Cir. 2005) (citing *Celotex*, 477 U.S. at 322).

[30] *Leadbetter v. Gilley*, 385 F.3d 683, 689 (6th Cir. 2004) (quoting *Anderson*, 477 U.S. at 248-49).

[31] *Anderson*, 477 U.S. at 249-50 (citation omitted).

[32] *Id.* at 256.

[33] *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

[34] *BDT Prods. v. Lexmark Int'l*, 124 F. App'x 329, 331 (6th Cir. 2005).

In sum, proper summary judgment analysis entails the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[35]

**B.     Application of standard – this case should be dismissed because Wells has not exhausted his administrative remedies as required by law.**

As set forth above, the issue raised by the motion is whether Wells has exhausted his administrative remedies within Ohio's prisoner grievance system as required by federal law as a precondition to maintaining this action against Shewalter. In that regard, it appears that Wells does not dispute the preclusive effect of a failure to exhaust, but rather argues alternatively that the exhaustion question is mooted because no remedy was available to him or that, viewed leniently as the filing of a *pro se* litigant, the grievances that were filed should be construed as giving notice of the claim at issue here and so should suffice to avoid dismissal.

I recommend finding that neither argument is persuasive. Specifically, Shewalter's rebuttals to the arguments set forth by Wells accurately state the relevant law and appropriately reason from the law to the correct conclusions. Accordingly, because Wells was required to exhaust his administrative remedies against Shewalter before filing this action, but did not do so, Shewalter's summary judgment motion should be granted and Wells's case dismissed.

---

[35] *Anderson*, 477 U.S. at 250.

## Conclusion

For the reasons stated, I recommend that Shewalter's motion for summary judgment be granted since, on the undisputed facts, he is entitled to judgment as a matter of law.

Dated: June 24, 2013                  s/ William H. Baughman, Jr.
                                                             United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[36]

---

[36] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).