**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JEROME WELLS, ) | CASE NO. 1:10CV2356 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| vs. ) | OPINION AND ORDER |
| ) | |
| ERNIE L. MOORE et al., ) | |
| ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J.**:

  This matter comes before the Court upon Plaintiff's Objections (ECF DKT #51) to the Report and Recommendation (ECF DKT #50) of Magistrate Judge Baughman, recommending that the Court grant the Motion for Summary Judgement filed by Defendant Frank Shewalter, the only remaining claim in this case.  For the following reasons, the Court ADOPTS Magistrate Judge Baughman's Report and Recommendation and grants the Motion for Summary Judgment (ECF DKT#39).

## BACKGROUND

  The following is a factual synopsis of Plaintiff's claims.  The Magistrate Judge's Report and Recommendation provides a more complete and detailed discussion of the facts.

Plaintiff filed this case in 2010, alleging that the Director of the Ohio Department of Rehabilitation and Corrections (ODRC), Warden Shewalter, and various staff members at two prison facilities were deliberately indifferent to his medical needs and did not appropriately respond to his grievances.  The Court dismissed all other defendants and causes of action, and the case proceeded only against Warden Shewalter for alleged violation of Petitioner's Eighth Amendment rights.  Specifically, Plaintiff contends that, as an indigent, he could not afford to purchase his own soap while in prison segregation, as was allegedly required by Defendant, and as a result he was injured by developing a serious infection in his right eye.

In his Motion for Summary Judgment, Defendant Shewalter maintains that Plaintiff is barred from pursuing this claim because he failed to exhaust his available administrative remedies.  Before a prisoner may initiate a lawsuit regarding the conditions of his confinement, the prisoner must exhaust all available state administrative remedies. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), provides in pertinent part:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

## **STANDARD OF REVIEW**

Summary judgment is appropriate where the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)).

Proper summary judgment analysis entails the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.  *Anderson v. Liberty Lobby*, 477 U.S. 250 (1986).  In this case, the Magistrate Judge determined that summary judgment is appropriate, and this case should be dismissed, because Plaintiff has not exhausted his administrative remedies as required by law.

While Plaintiff was in segregation at Grafton Correctional Institution, he made use of the prison's grievance process and exhausted claims related to his medical treatment.  However, Plaintiff did not file any grievances concerning the alleged policy that allegedly denied him hygiene products while he was in segregation.  Plaintiff argues that the exhaustion question is mooted because no remedy was available to him since he had already incurred the injury or that, viewed leniently as the filing of a pro se litigant, the grievances that were filed should be construed as giving notice of the claim at issue here and so should suffice to avoid dismissal.

## **CONCLUSION**

The Court agrees with the Magistrate Judge that Defendant's rebuttals to the arguments set forth by Plaintiff accurately state the relevant law and arrive at the correct conclusions.  In his Objections, Plaintiff re-states that a suitable remedy was unavailable because he had already incurred the injury from Defendant's actions.  The Court does not find Plaintiff's arguments persuasive, because if this were the case, plaintiffs could simply by-pass 42 U.S.C. §1997 e(a) and render it a nullity.  Therefore, because Plaintiff was required to exhaust his administrative remedies against Defendant before filing this action, but did not do so, the Magistrate Judge's Report and Recommendation (ECF DKT #50) is ADOPTED, Defendant Shewalter's Motion for Summary Judgment is granted, and this case is dismissed.

**IT IS SO ORDERED.**

**DATE: 7/16/13**

                                     <u>s/Christopher A. Boyko</u>
                                     **CHRISTOPHER A. BOYKO**
                                     **United States District Judge**